Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SKY D. SHADOW, an Individual on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br><br>**Defendant.** | **Case No.:** '17CV2277 H BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Sky D. Shadow, on behalf of herself (hereinafter "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, alleges against the Defendant Midland Credit Management, Inc. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (hereinafter "FDCPA" or "the Act"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*. (hereinafter "the Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Such collection practices include, *inter alia,* Defendant's deceptive, misleading and unfair conduct in a written collection letter to the Plaintiff on a time-

barred debt in violation of 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. S 1692e(10), 15 U.S.C. 1692f and California Civil Code § 1788.17.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations as to the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and the use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10). The FDCPA

further prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

5. The Legislature of the State of California made the followings findings with respect to enactment of the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honestly and due regard for the rights of the other. It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.

California Civil Code §1788.1

6. The Rosenthal Act likewise mandates "[e]very debt collector collecting or attempting to collect a consumer debt [to] comply with provision of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code" and, as such, the failure to do so is a separate and distinct violation of the Rosenthal Act. California Civil Code §§ 1788.17, 1788.32.

7. The Rosenthal Act is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The Rosenthal Act is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

8. The Plaintiff, individually and behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in

nature, as deemed appropriate by the Court, pursuant to the FDCPA, the Rosenthal Act and all other common or statutory law.

**JURSIDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d) and supplemental jurisdiction under 28 U.S.C. §1367(a).

10. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

11. Plaintiff is a natural person, who at all relevant times has resided in Los Angeles County, California and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is a business entity located, and doing business, in California and is a "debt collector" as defined by 15 U.S.C § 1692a(6). Defendant also uses the instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another.

**CLASS ACTION ALLEGATIONS**

13. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who reside in the State of California and have received within one (1) year from the date of Plaintiff's Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act, California Civil Code, §§ 1788, *et seq.* Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated

with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant, as impracticable.

14. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act, California Civil Code, §§ 1788, *et seq.*

15, This Class satisfies all the requirements of Fed. R. Civ. P. Rule 23 for maintaining a class action.

16. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Act, California Civil Code §§ 1788, *et seq.*

17. The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated the FDCPA § 1692, *et seq.*;  (ii) Whether the Defendant violated the Rosenthal Act, California Civil Code §§ 1788, *et seq.;* (iii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iv) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (v) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

19. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

20. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692k.

21. The members of the Class have claims which are unlikely to be vindicated in the absence of a class action.

22. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

23. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

24. Plaintiff will fairly and adequately represent the Class Members' interests, in that the Plaintiff's counsel is qualified and experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's wrongful conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

26. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making any appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**FACTUAL STATEMENT**

27. Upon information and belief, at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt in the amount of $1,878.90 allegedly owed by the Plaintiff, which originated with Chase Bank USA, N.A. (hereinafter "Chase").

28. The alleged debt which the Defendant is seeking to collect from the Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5) and the Rosenthal Act, California Civil Code § 1788.2(d).

29. By letter dated November 30, 2016 (hereinafter the "Collection Letter"), Defendant advised Plaintiff, *inter alia*, that a debt was due and owing for $1,878.90. A true and accurate copy of the Collection Letter, with account number redacted, is annexed and made a part hereof as Exhibit A.

30. The Collection Letter was an attempt by Defendant to collect on a consumer debt from the Plaintiff.

31. Plaintiff received the Collection Letter from the Defendant thereafter.

32. The Collection Letter stated that "mistakes can happen to anyone" and offered three settlement payment options in the middle of the page under "KNOW YOUR OPTIONS." Option one (1) was for a payment due by December 30, 2016 for 40% off. Option two (2) was for 20% off with payments over 6 months. Option three (3) was for "monthly payments as low as $50 per month." *See* Exhibit A. Therefore, Options 2 and 3 clearly offered payments over time.

33. In the last line of the Collection Letter, in much smaller print, after offering Plaintiff the three payment options for the alleged debt, Defendant states: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

34. The Collection Letter fails, however, to advise the Plaintiff that if the Plaintiff accepts any of the payment plan options, i.e. #2 or #3, and/or makes even a single partial payment, it may revive the statute of limitations and permit Defendant to sue the Plaintiff to collect the full balance of the debt. As such, the Collection Letter if accepted by the Plaintiff would in fact render the Plaintiff worse off than if it was rejected.

35. The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt. The last line of the Collection Letter wherein Defendant represents to the Plaintiff that due to the age of the alleged debt the Defendant would not sue the Plaintiff on the alleged debt, leads the Plaintiff to believe that the Plaintiff could accept and make the partial payments thereunder risk free of any future litigation if the Plaintiff was unable to continue making the future partial payments. Of course, this is not the case. If Plaintiff made even one partial payment of a single dollar on the alleged debt, the statute of limitations on the alleged debt would be revived and the Defendant would have another four (4) years from the date of the partial payment (the applicable statute of limitations under California law) to sue Plaintiff for the entire amount of the alleged debt.

36. It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to

collect the debt ***and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance."*** *McMahon v. LVNV Funding, LLC*, 774 F.3d 1010, 1015 (7th Cir. 2014) (emphasis added).

37. The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA and the Rosenthal Act by its Collection Letter to the Plaintiff.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. 1692e, 15 U.S.C. 1692e(2)(A) and 15 U.S.C. § 1692e(10)**

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

39. The Collection Letter fails to advise the Plaintiff that if she accepts either the first or second option, which involve payments over time, that by making even a single partial payment the statute of limitations would potentially be revived which would allow Defendant another four years to sue her for the entire balance. As such, the Collection Letter if accepted by the Plaintiff would in fact render the Plaintiff worse off than if it was rejected.

40. The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt. The last line of the Collection Letter, wherein Defendant represents to the Plaintiff that due to the age of the alleged debt the Defendant would not sue the Plaintiff on the alleged debt, leads the Plaintiff to believe that the Plaintiff could accept the options, particularly partial payment options 2 or 3, and make the partial payments thereunder risk free of any future litigation if the Plaintiff was unable to continue making the future partial payments. However, that is not the case. If Plaintiff made

even one partial payment of a single dollar, the statute of limitations on the alleged debt would be revived and the Defendant would have another four (4) years from the date of the partial payment (the applicable statute of limitations under California law) to sue Plaintiff for the entire amount of the alleged debt.

41. By virtue of Defendant's Collection Letter, Defendant falsely represented the nature and/or status of the Alleged Debt.

42. Defendant's actions violate the FDCPA, 15 U.S.C. §1692e(2)(A), which prohibits "[t]he false representation of (A) the character, amount or legal status of any debt."

43. By virtue of Defendant's Collection Letter, Defendant engaged in deceptive means to attempt to collect the alleged debt from the Plaintiff in violation of §1692e.

44. Defendant's actions also violate the FDCPA, 15 U.S.C. §1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

45. Defendant's actions were knowing and willful.

46. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**COUNT II**

**VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. § 1692f**

47. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 46 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

48. Defendant's Collection Letter fails to advise that making a partial payment could revive the statute of limitations on what is an otherwise time-barred debt. As a result of this omission, Defendant engaged in unfair and deceptive conduct in violation of FDCPA, 15 U.S.C. §1692f, which mandates that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

49. Defendant's actions were knowing and willful.

50. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**COUNT III**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17**

51. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 50 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

52. The Collection Letter fails to advise the Plaintiff that if the Plaintiff accepts either option 2 or 3, both of which provided for a series of partial payments, the Plaintiff by making even a single partial payment revives the Defendant's ability (statute of limitations) to sue the Plaintiff to collect the full balance of the debt. As such, the Collection Letter if accepted by the Plaintiff would in fact render the Plaintiff worse off than if it was rejected.

53. The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt. The last line of the Collection Letter, wherein Defendant represents to the Plaintiff that due to the age of the alleged debt the Defendant would not sue the Plaintiff on the alleged debt, leads the Plaintiff to believe

that the Plaintiff could accept either option 2 or 3, and make the partial payments, and be free of any future litigation if the Plaintiff was unable to continue making the future partial payments. However, this is not the case. If Plaintiff made even one partial payment for a single dollar, the statute of limitations on the alleged debt could be revived and the Defendant would have another four (4) years from the date of the partial payment (the applicable statute of limitations under California law) to sue Plaintiff for the entire amount of the alleged debt.

54. By virtue of Defendant's Collection Letter, Defendant falsely represented the nature and/or status of the Alleged Debt.

55. Defendant's actions violate the FDCPA, 15 U.S.C. § 1692e and §1692e(2)(A), which prohibits "[t]he false representation of (A) the character, amount or legal status of any debt."

56. By virtue of Defendant's Collection Letter, Defendant engaged in deceptive means to attempt to collect the alleged Debt from the Plaintiff.

57. Defendant's actions violate the FDCPA, 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

58. By virtue of Defendant's Collection Letter, Defendant engaged in unfair and deceptive conduct.

59. Defendant's actions violate the FDCPA, 15 U.S.C. § 1692f, which mandates that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

60. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections

1692b to 1692j, inclusive, of , and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

61. The Defendant's Collection Letter violates the FDCPA, 15 U.S.C. § 1692e and 1692e(2)(A), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f, and, thereby also constitutes a violation of the Rosenthal Act, California Civil Code §§ 1788.17, 1788.32, as well as any other applicable provisions.

62. Defendant's actions were knowing and willful.

63. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**RELIEF**

WHEREFORE, Plaintiff, Sky D. Shadow, on behalf of herself and all others similarly situated, respectfully requests that this Court enter judgment against the Defendant for the following:

A. Certifying the Class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B. Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C. Declaring the Defendant's actions as described above to be in violation of the Rosenthal Act;

D. An award of actual damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(1);

E.   An award of statutory damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

F.   An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

G.   An award of actual damages for the Plaintiff and all Class Members pursuant to California Civil Code § 1788.30(a);

H.   An award of statutory damages for the Plaintiff and all Class Members pursuant to California Civil Code § 1788.30(b);

I.   An award of costs and reasonable attorneys' fees pursuant to California Civil Code § 1788.30(c);

J.   Enjoining Defendant from further misrepresenting and misleading the effect of a consumer's acceptance of a "settlement payment plan" and/or partial payment on a time barred debt; and.

K.   Such other and further relief as the Court may deem just and equitable.

Respectfully submitted this 8th day of November, 2017

/s/Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorneys for Plaintiff