UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKY D. SHADOW,<br><br>                    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                    Defendant. | Case No.: 3:17-cv-02277-L-BLM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

In this putative class action alleging deceptive collection of consumer debt, Defendant Midland Credit Management, Inc. ("MCM") filed a motion to dismiss for failure to state a claim. Plaintiff Sky D. Shadow opposed, and MCM replied. The Court decides this matter on the briefs without oral argument. *See* Civ. L. R. 7.1.d.1. For the reasons stated below, MCM's motion is denied.

**I.**     **<u>BACKGROUND</u>**

According to the operative first amended complaint, Plaintiff received a letter from MCM, dated November 30, 2016, seeking to collect $1,878.90, originally owing to Chase Bank, USA. (First Am. Compl. ("FAC") & Ex. A ("Letter")). The Letter started with a heading in very large font: "Did you forget something?" It went on to identify the original creditor and debt amount, and encouraged Plaintiff in large, all cap bold letters to

"Call us today!" Below the phone number and hours information was another large highlighted section stating, "We can't change the past, but we can help your future." The actual letter started below:

> Sky D. Shadow, mistakes can happen to anyone. Midland Credit Management believes that anyone deserves a second chance. Call (800) 321-3809 or visit us online at www.midlandcreditonline.com by 12-30-2016 to accept one of these discounts.
>
> **We are offering you 40% OFF your balance to help you eliminate your debt while saving money.**
>
> Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial freedom!
>
> Sincerely,
> Tim Bolin, Division Manager

(Emphasis in original.) To the right of the text set forth above, was another heading set out in much larger bold all caps print: "KNOW YOUR OPTIONS." Below, MCM specified the "discounts." It presented three options, each with a large-print bolded heading. Option 1 was "**40% OFF** [¶] Payment Due Date: 12-30-2016;" Option 2 was "**20% OFF** [¶] Over 6 Months;" and Option 3 was "**Monthly Payments As Low As: $50 per month**." (Emphases in original.) The last option was set out in larger font than the first two, and did not specify when the amount would be paid in full with $50 monthly payments, or if any interest would be charged under this option. Below all of the foregoing, in the smallest font on the page, was a disclosure, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

Plaintiff filed the pending action alleging the Letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"). The

Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the FDCPA claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Rosenthal Act claims. MCM filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.,* 139 F.3d 696, 699 (9th Cir. 1998).

Plaintiff alleges that the Letter was "misleading, confusing, deceptive and unfair" because it attempted to enforce a time-barred debt in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A), (10), § 1692f, as well as the Rosenthal Act, which incorporates these provisions by reference, Cal. Civ. Code § 1788.17. (FAC at 9-13.) Furthermore, the Letter encouraged her to pay the debt without disclosing that "by making even a single partial payment the statute of limitations would potentially be revived which would allow Defendant another four years to sue her for the entire balance." (*Id.* at 9.) Plaintiff contends that the small-print language at the bottom of the Letter, which states that due to the age of her debt MCM would not sue her, was particularly misleading because it led

3

3:17-cv-02277-L-BLM

her to believe that she "could accept the options, particularly partial payment options 2 or 3, and make partial payments . . . risk free of any future litigation if [she] was unable to continue making the future partial payments." (*Id.*)

In analyzing whether a consumer would be misled under 15 U.S.C. §§ 1692e and 1692f, "the Court applies the least sophisticated consumer standard. The standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011); *see also Wade v. Regl. Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) (applying the least sophisticated consumer standard to §§ 1692e and 1692f). "The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Gonzales*, 660 F.3d. at 1062 (internal quotation marks omitted). "At the same time, the standard preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care . . . The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* (internal quotation marks and citations omitted).

It is apparent on the face of the Letter that it was sent with intent to collect on a time-barred debt. Without a "bizarre, idiosyncratic, or peculiar misinterpretations," the Letter at first blush creates the impression that the debt can be collected. To the extent a "least sophisticated consumer" notices the time-barred debt disclosure in small print at the bottom, when read in the context of the Letter as a whole, the disclaimer creates the impression that partial payments can be made free from the risk of a collection action if the debt is not paid in full. MCM's contentions that the Letter is not a deceptive means of attempting to collect a debt and does not falsely represent the legal status of the debt are rejected. *See* 15 U.S.C. §§ 1692e(2)(A) & (10), 1692f.

MCM argues that the letter is not misleading because a partial payment cannot revive a time-barred debt. The parties agree that this legal issue is governed by California Code of Civil Procedure § 360. As relevant here, section 360 provides that a

4

3:17-cv-02277-L-BLM

"[p]art payment is deemed to be a sufficient acknowledgment of a 'continuing contract' to take the case out of the statute of limitations." *Eilke v. Rice,* 45 Cal.2d 66, 73 (1955); *see also* Cal. Code Civ. Proc. § 360; *Kaichen's Metal Mart, Inc. v. Ferro cast Co.*, 33 Cal. App. 4th 8, 14 (1995); *James de Nicholas Assoc., Inc. v. Heritage Constr. Corp.,* 5 Cal.App.3d 421, 426 (1970). However, "[a]ny payment made *after the first four years have run* without extension . . . will *not* have the effect of tolling the statute." *Eilke,* 45 Cal.2d at 74 (emphases added); *see also* Cal. Code Civ. Proc. § 360 ("no such payment of itself shall revive a cause of action once barred"). What is required to revive a time-barred debt is a written acknowledgment or promise. *Kaichen's Metal Mart*, 33 Cal. App. 4th at 14.

Plaintiff does not dispute that a written acknowledgment is required. (*See* Opp'n at 13.) She argues the Letter was misleading because it encouraged her to make a payment on a time-barred debt. In addition, in accepting one of the "discount" offers, she could unwittingly re-start the statute of limitations. Although partial payment of a time-barred debt does not necessarily revive it, it may, provided there is a written acknowledgment. It is not clear from the Letter, as drafted by Defendant, if a written acknowledgment would be required for the debtor to take advantage of the "discounts." MCM's argument that the complaint should be dismissed because the debt could not be revived is rejected.

Alternatively, MCM argues that it is immunized from liability because it included language required by the consent decree it entered into with the Consumer Financial Protection Bureau ("Consent Decree" and "CFPB," respectively). (Def.'s Ex. 1.)[1] The

---

[1] MCM requests judicial notice of the consent decree. As a general rule, in ruling on a motion under Rule 12(b)(6), a court may not consider any material beyond the pleadings, or the motion must be treated as a motion for summary judgment and the parties provided an opportunity to present all pertinent material. Fed. R. Civ. Proc. 12(d); *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). However, material properly subject to judicial notice may be considered without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Pursuant to Federal Rule of Evidence 201, the Court may "take judicial notice of

Consent Decree was issued after CFPB determined that MCM and its corporate parent Encore Capital Group, Inc. ("Encore") had engaged in debt collection practices in violation of various consumer protection laws, including FDCPA violations alleged by Plaintiff.[2] (*See* Consent Decree at 5-31.) As a part of extensive injunctive relief provision (*id.* at 31-41), MCM and others were subjected to a "Prohibition Against Deceptively Collecting Time-Barred Debt" (*id.* at 38-39.) In pertinent part, the Consent Decree "permanently restrained" MCM from:

> b. Collecting or attempting to collect any Time-Barred Debt through . . . written communications, without clearly and *prominently* disclosing to the Consumer: [¶]
>     ii. for those Consumer accounts where the Debt is Time-Barred but can be collected through other means pursuant to applicable state law, and may be included in a Consumer report under the provisions of . . . 15 U.S.C. § 1681c(a), [MCM] will include the following statement: "*The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.*" . . .
> c. Making any representation or statement, or taking any other action that *interferes with, detracts from, contradicts, or otherwise undermines the disclosures* required in Paragraph (b) of this Section.

(*Id.* at 39 (emphases added).)

Although MCM included the required language in the Letter, the language was not prominently disclosed as required by the Consent Decree. Furthermore, MCM included other language that detracted from the required disclosure. MCM's argument that inclusion of the required language immunizes it from liability is therefore rejected.

---

'matters of public record,' but not of facts that may be 'subject to reasonable dispute.'" *Corinthian Colleges*, 655 F.3d at 999. Accordingly, the Court takes judicial notice of the consent decree.

[2] MCM, Encore, and other debt collectors were ordered to create a fund of up to $42 million for restitution to defrauded consumers (Consent Decree at 45-48), and pay penalties of $10 million to CFPB (*id.* at 54).

6

MCM also argues that the complaint should be dismissed because it is not obligated and cannot give legal advice to debtors on the potential ramifications of their various possible responses to the Letter. Accepting at face value MCM's contention that it is not obligated to provide legal advice, the argument is rejected. The implication of Plaintiff's claims is not that MCM must provide legal advice, but merely that it must comply with the law by not misleading consumers.

Because Plaintiff's FDCPA claims survive MCM's motion, so do her wholly derivative Rosenthal Act claims.

## III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: September 13, 2018

_____
Hon. M. James Lorenz
United States District Judge