THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
LEAH S. STRICKLAND [SBN 265724]
lstrickland@swsslaw.com
MEI-YING M. IMANAKA [SBN 280472]
mimanaka@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKY D. SHADOW, an Individual on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 3:17-cv-02277-L-MDD<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS RE DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56**<br><br>**[No Hearing Pursuant to Local Rules]** [Loc. R. 7.1.d]<br><br>Judge: Hon. M. James Lorenz<br>Mag. Judge: Hon. Mitchell D. Dembin |

The parties, by and through their attorneys of record, hereby file the following Joint Statement of Undisputed Facts:

| Undisputed Fact | Supporting Evidence |
|---|---|
| 1. Non-party Midland Funding LLC ("Midland Funding") is a buyer of distressed asset portfolios that contracts with its corporate affiliate, Midland Credit, to service the debts Midland Funding owns. | *See* Declaration of Jared McClure ["**McClure Decl**."] at ¶¶ 4-6 & Exhibits ["**Exs.**"] 1, 2.) |
| 2. Midland Funding is the current owner of the receivable for a Chase Bank USA, N.A. Visa or MasterCard account in the name of Sky Shadow, account number ending 5243 (the "**Chase Account**"). | McClure Decl. at ¶¶ 4-6 & Exs. 1, 2. |
| 3. Midland Funding assigned the Chase Account to Midland Credit for servicing. | McClure Decl. ¶ 7. |
| 4. The last time Shadow paid on the Chase Account was January 6, 2011. | McClure Decl. ¶¶ 7-8 & Exs. 2, 3. |
| 5. It is undisputed for purposes of this action that the statute of limitations to sue to collect on the Chase Account expired before November 30, 2016. | McClure Decl. ¶ 9. |
| 6. Midland Credit sent Shadow a letter on or around November 30, 2016 (the "**Letter**") . . . | McClure Decl. ¶ 11 and Ex. 4. |
| 7. The Letter is sized to be printed on paper that is 8.5 inches wide by 15 inches long. | McClure Decl. ¶ 11 & Ex. 4. |

| **Undisputed Fact** | **Supporting Evidence** |
|---|---|
| 8. Midland Credit uses bold fonts on portions of the Letter. | Ex. 4 |
| 9. The Letter listed three potential options for paying off the debt. One was a one-payment option that provided a 40% discount off the current balance; the second option offered a six-month payoff plan for a 20% discount; and the third option noted the debtor could make monthly payments as low as $50 per month. | Ex. 4. |
| 10. Options 2 and 3 for the letter offered payments over time, with Option 3 being a flexible payment option where the debtor can create their own plan. | Ex. 4; McClure Depo. at 61:11-21. |
| 11. To take advantage of any of the offers in the Letter, as the Letter itself states, Shadow could have called Midland Credit or gone online by December 30, 2016. | McClure Decl. ¶ 15; Ex. 4. |
| 12. To respond to the offer online, a debtor would log into Midland Credit's website, accept certain terms and conditions and then review and agree to a payment plan. The Disclosure would also appear near the payment options. | McClure Depo. at 69:9-70:4. |

| | **Undisputed Fact** | **Supporting Evidence** |
|---|---|---|
| | 13. To respond to the offer by phone, a debtor would call Midland Credit, who would then give her the same disclosure about the statute of limitations that is in the Letter. A pop-up would appear on the Midland Credit account manager's screen to remind him/her to provide the statute of limitations disclosure. The parties would then discuss repayment terms and reach an agreement. | McClure Depo. at 68:22-69:5, 70:16-71:24. |
| | 14. Midland Credit would record such calls. | McClure Depo. at 70:10-12. |
| | 15. Midland Credit would also send a letter to the debtor with the terms of the agreement reached regarding payment, as well as disclosures similar to the Letter, to memorialize the agreement after the call. | McClure Depo. at 72:2-9, 72:17-20, 73:16-19. |
| | 16. Shadow did not respond to the Letter in any way, and has never made any payments to Midland Credit on the Chase Account. | McClure Decl. ¶¶ 15-16. |
| | 17. The following disclosure appears on the first page of the Letter: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, | Ex. 4. |

| | **Undisputed Fact** | **Supporting Evidence** |
|---|---|---|
| | we may continue to report it to the credit reporting agencies as unpaid." | |
| | 18.  At the time Midland Credit sent the Letter through the present day, Midland Credit and Midland Funding have had a written policy and procedure providing that, after the statute of limitations has run on a debt, they will not use any payments made towards the debt to recalculate or revive the statute of limitations, even if allowed under state law. Midland Credit and Midland Funding follow that policy. | McClure Decl. ¶¶ 18-19 & Exs. 5, 6. |
| | 19.  Midland Credit's and Midland Funding's policies also provide that lawsuits must not be initiated to collect debts that are outside the statute of limitations, and they follow that policy. | McClure Decl. ¶ 17 & Ex. 5. |
| | 20.  Midland Credit's and Midland Funding's written policies also provide that Midland Funding does not sell accounts to third parties. | McClure Decl. ¶ 24 & Ex. 7, CFPB Consent Order [Request for Judicial Notice ("RJN") Ex. A]) |
| | 21.  They also follow that policy. | McClure Decl. ¶ 24 & Ex. 7; RJN Ex. A. |
| | 22.  Midland Credit has not filed a lawsuit with respect to the Chase Account. | McClure Decl. ¶ 14. |

///

| | | |
|---|---|---|
| DATED: July 15, 2019 | | SOLOMON WARD SEIDENWURM & SMITH, LLP |
| | By: | *s/ Thomas F. Landers* |
| | | THOMAS F. LANDERS |
| | | LEAH S. STRICKLAND |
| | | Attorneys for Defendant MIDLAND CREDIT MANAGEMENT, INC. |
| DATED: July 15, 2019 | | LAW OFFICES OF TODD M. FRIEDMAN, P.C. |
| | By: | *s/Todd M. Friedman* |
| | | TODD M. FRIEDMAN |
| | | Attorney for Plaintiff |
| | | SKY D. SHADOW |

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Todd M. Friedman, counsel for Plaintiff, and that I have obtained Mr. Friedman's authorization to affix his electronic signature to this document.

Dated:  July 15, 2019                     */s/Thomas F. Landers*
                                                           Thomas F. Landers